GREATER KANSAS CITY LABORERS PENSION FUND, a Trust Fund; Roy Livingston; Neil Thursby; Richard Everhart; John Rider; Columbus Sumpter; Francis Jacobs; Jack Lehman; Roy Phillips; Norman Hansen; Lynn Bowman; Wm. W. Weeks; and James Duvall, Trustees of The Greater Kansas City Laborers Pension Fund, a Trust Fund; Roy Livingston; Neil Thursby; James Nidiffer; John Rider; Columbus Sumpter; Francis Jacobs; Jack Lehman; Jim Senter; Ralph Walters; T.C. Lemon; Vincent S. DiCarlo; Harold E. Porter; Terry Dunn; and James Duvall, Trustees of The Greater K.C. Laborers Welfare Fund; Greater K.C. Laborers Vacation Plan, a Trust Fund; James Nidiffer; Neil Thursby; Jack Lehman; Norman Hansen; Jim Senter; James L. Hutton; and Fred Reagan, Trustees of The Greater K.C. Laborers Vacation Plan; Greater K.C. Laborers Training Fund, a Trust Fund; Richard Everhart; Neil E. Thursby; Jack Lehman; Fred Reagan; James Duvall; Wm. Weeks; and Don Meyer, Trustees of The Greater K.C. Laborers Training Fund, Appellees,

v.

B.E.A.M., INC., Appellant.

No. 84–1397.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1985.

Decided Feb. 12, 1985.

Russell S. Dameron (argued), Kansas City, Mo., Henri J. Watson, Kansas City, Mo., for appellant.

Michael C. Arnold (argued), Kansas City, Mo., Michael C. Arnold, Lawrence F. Gepford, Jr., Yonke, Shackelford & Arnold, P.C., Kansas City, Mo., for appellees.

Before BRIGHT, ARNOLD, and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This is an action by various employee-benefit funds against Beam, Inc., for recovery of unpaid benefits. The parties submitted the case to the District Court on stipulated facts, exhibits, depositions, and trial briefs. The only defense Beam asserted was that the collective bargaining agreement had been rescinded by an oral agreement made as part of a confession of judgment entered in a previous lawsuit between the same parties. The District Court[1] ruled for the plaintiffs, holding that evidence of the oral agreement was inadmissible under the parol-evidence rule because the agreement would alter the terms of the confession of judgment.

---

1. The Hon. John W. Oliver, Senior United States District Judge for the Western District of Missouri.

Beam appeals contending that the court erred in holding that the evidence of the oral agreement was inadmissible parol evidence. Without reaching the parol-evidence issue, we hold that the submitted evidence was insufficient as a matter of law to prove the existence of an oral agreement.

The principal evidence that Beam submits in proof of its contention that an oral agreement existed to terminate the collective bargaining agreement is the deposition of its attorney Lynn Nelson. (Beam also submits the depositions of Jesse Mora, III, and Ann Marie Mora, but these depositions indicate only that the Moras believed, based mainly on conversations with Nelson, that an agreement to this effect had been reached.) The most direct evidence of an oral agreement contained in Nelson's deposition is his statement in response to a question asking what the plaintiffs had said to indicate that the collective bargaining agreement would be terminated:

> Well, in exact words I can't tell you at this time, but that was the impression and the tenor of the conversations we had all the way through the thing. Tr. 10.

Later in the deposition, Nelson again stated:

> And our whole conversation was couched in terms of "this is the end of it. You're going to pay eight grand, and that's it." Tr. 13.

Nelson's impressions and assumptions about the settlement agreement are too thin a reed to support a finding that a contract was made. An agreement to cancel a previous written agreement creating four trust funds for the benefit of employees would have been much more definite. The mere fact that discussion about terminating the agreement may have occurred at some point would not justify the conclusion that the parties had agreed to terminate the agreement.

Affirmed.